**Joseph Kaswande BAWALA, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–0760–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Joseph Kaswande Bawala, allegedly a Tutsi and Rwandan from the Democratic Republic of Congo ("DRC"), seeks review of a January 18, 2006 order of the BIA affirming the August 24, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joseph Kaswende Bawala,* No. A 97 149 887 (B.I.A. Jan. 18, 2006), *aff'g* No. A 97 149 887 (Immig. Ct. Hartford, Aug. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey,* 511 F.3d 102, 105 (2d Cir.2007). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Bawala came to the United States on a tourist visa, then timely filed an affirmative application for asylum. Bawala claimed to be of Tutsi and Rwandan descent and that, as such, he was targeted and beaten by Congolese soldiers. As the IJ noted, country reports in the record

Joseph Kaswande Bawala, Glenn L. Formica, New Haven, CT, for Petitioner.

Richard B. Roper, United States Attorney; Shane Read, Assistant United States Attorney, Dallas, TX, for Respondent.

amply corroborate that similar events of Tutsi and Rwandan persecution were commonplace in Congo at the time.

The application was denied solely because of an adverse credibility finding based on alleged discrepancies between Bawala's asylum application, his asylum interview and his testimony before the IJ. However, the agency committed several errors in making this adverse credibility finding.

First, the BIA, like the IJ, emphasized that the "respondent testified that he was able to escape after bribing a guard but indicated in his asylum interview that the guard helped him because he was disillusioned." The BIA does not explain why these accounts would be discrepant. More important, Bawala consistently recounted that the soldier helped him because he was paid to do so. In his testimony, he said that "a friend of mine give him some money." In his Asylum interview, he said that "Nkoulu [the soldier] helped after getting money." In his Asylum application, he said: "Me begged Emil Nkulu to help me escape and promised him some money in exchange." "We cannot sustain an adverse credibility finding ... that is based upon ... a misstatement of the facts in the record [or] bald speculation or caprice." *Gao v. BIA,* 482 F.3d 122, 133 (2d Cir. 2007) (internal citations omitted) (alterations in original).

Second, the BIA, like the IJ, emphasized that "the respondent claims that his sister was granted asylum in Great Britain but did not mention this sister in his asylum application." But as to omissions, "the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and ... holding applicants to such a standard is not only unrealistic but also unfair." *Zhi Wei Pang v. BCIS,* 448 F.3d 102, 112 (2d Cir.2006) (internal cita-

tions omitted). Nor is Bawala's sister's asylum in Great Britain an event closely related to his persecution such that its omission might constitute substantial evidence of adverse credibility. *See Belortaja v. Gonzales,* 484 F.3d 619, 626 (2d Cir. 2007).

Third, the IJ—whose opinion the BIA adopted in toto—emphasized the implausibility of Bawala's ending up in a hospital after being beaten in light of the fact that country reports "indicated that individuals identified as Tutsis were being killed." This implausibility finding is based on the highly speculative supposition, not supported by the country reports, that *every* Tutsi identified as such is killed. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (holding that an IJ's fact-finding, including credibility findings, may not rely on speculation). The IJ was puzzled that "the respondent's only explanation" for why he was taken to the hospital "was that neighbors were watching." It is puzzling that the IJ expected any explanation, given that Bawala testified that he was unconscious for four days following the beating.

Fourth, the IJ, who accepted that Tutsis and Rwandans were regularly persecuted in Congo at the time, found that the "crux of the respondent's claim is that he claims his mother is a Tutsi or Rwandan." The IJ disbelieved Bawala's testimony that his mother was Tutsi or Rwandan, however, not, apparently, because the IJ thought Bawala was lying, but because the IJ thought Bawala was *not in a position to know* his mother's ethnic background. The IJ pointed out that Bawala "did not know or meet his mother's parents"; the IJ wondered whether Bawala's mother truly had a "long nose" and doubted whether there could be a "determination as to exactly what is ... a long nose"; the IJ recounted that, "more importantly, the

respondent told the asylum officer he was really not sure why his mother was considered Rwandan or Tutsi";[2] finally, the IJ emphasized that Bawala stated that his mother's birth-city was north of Lubumbashi, whereas the IJ thought it was to the south. This discussion—which, according to the IJ, undermined the crux of Bawala's asylum claim—is simply too opaque, speculative, and misrepresentative of the record to support an adverse credibility finding.

The two remaining discrepancies mentioned by the agency pertain to when Bawala was arrested and beaten (May 1999 versus September 2000) and how long he remained in the hospital (7 days versus 4 weeks).

As to the first discrepancy, the IJ appeared to accept Bawala's explanation that the discrepancy may have resulted from a preparer's error and, in any event, we have often treated discrepant dates as minor and immaterial, especially when the rest of the testimony is consistent. *See Alvarado–Carillo v. I.N.S.*, 251 F.3d 44, 51 (2d Cir.2001).

As to the second discrepancy, the BIA misstated the record. According to the BIA, Bawala "testified that he was detained for four days." In fact, Bawala testified that he was unconscious for four days and that he was in the hospital for seven days. More important, Bawala stated at the outset of his testimony that "almost all the dates are wrong" in the application, but the IJ, who seemed to accept this explanation in the context of when the incidents occurred, did not even consider this explanation in the context of how long he was detained. *See Zhi Wei Pang,* 448 F.3d at 108 ("Absent a reasoned evaluation of [petitioner's] explanations [for discrepancies between his testimony

and his application] and the application's facial deficiencies, the IJ's reliance on inconsistencies arising from that application cannot constitute substantial evidence in support of an adverse credibility finding").

In light of these errors, remand is required because we cannot confidently predict that the agency's non-erroneous findings would alone support the denial of relief. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED. Bawala's pending motion for a stay of removal in this petition is DISMISSED as moot.